UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
ETCAP NES CS MN 02 LLC,             :
                                    :
                  Plaintiff,        :
                                    :         **COMPLAINT**
     - against -                    :
                                    :         **No.**
                                    :
ET SOLUTIONS AG,                    :
                                    :
                  Defendant.        :
-------------------------------------------------X

Plaintiff ETCap NES CS MN 02 LLC, for its Complaint against Defendant ET Solutions AG, states and alleges as follows:

## PARTIES

1.   ETCap NES CS MN 02 LLC ("ETCap") is a Delaware limited liability company whose members are citizens of Delaware.

2.   Defendant ET Solutions AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

## JURISDICTION AND VENUE

3.   Because ETCap is a limited liability company, it is deemed to be a citizen of every state in which its members are citizens for purposes of federal court diversity jurisdiction. ETCap's members are citizens of Delaware; therefore, ETCap is a citizen of that state as well.

4.   Because ET Solutions AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany, ET Solutions AG is deemed to be a citizen of Germany under 28 U.S.C. § 1332(c) for purposes of federal court diversity jurisdiction.

1

5.   This Court has diversity jurisdiction over this dispute under 28 U.S.C. § 1332(a), because this matter is between a citizen of Delaware and a citizen of a foreign state, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.   This action involves Defendant's failure to perform its contractual obligations under a guaranty in favor of ETCap. Under that guaranty, ETCap and Defendant submitted to the personal jurisdiction of this Court, and agreed that venue in this Court was proper. Further, the parties waived the right to object on the basis of lack of personal jurisdiction, improper venue, or inconvenient forum. This Court thus has personal jurisdiction over the parties, and venue in this Court is proper.

## FACTUAL BACKGROUND

7.   ETCap holds a leasehold interest in certain property located at 45719 60th Ave., Kenyon, MN 55946 (the "Property") pursuant to a lease agreement dated September 22, 2016.

8.   ETCap entered into an Engineering, Procurement and Construction Agreement dated May 15, 2017 ("EPC Agreement") with ET Solutions North America LLC ("Contractor") for construction of a solar photovoltaic power generating facility on the Property (the "Project").

9.   Under various provisions of the EPC Agreement—including, but not limited to, sections 5.6, 6.1.1, 14.1, 20.1, 26.1.4, 26.2.8, and 27.2—Contractor promised, warranted, and agreed that Contractor would, among other things: provide all labor, equipment, materials, and skill necessary properly to complete the Project; not allow any liens to be filed against the Project or the Property; maintain the Project and the Property free and clear of all liens; and promptly remove any liens filed against the Project or Property.

10. Contractor further promised and agreed that Contractor would defend, indemnify, and hold harmless ETCap against all losses, costs, fees, or other damages associated with any liens filed against the Project or Property.

11. Defendant executed a guaranty agreement dated May 15, 2017, in favor of ETCap, in which Defendant guaranteed all obligations of Contractor under the EPC Agreement (the "Guaranty"). The Guaranty was executed in connection with the Project as part of ETCap's security for entering into the EPC Agreement with Contractor.

12. Contractor has not completed the Project within the time required under the EPC Agreement, and has otherwise performed deficient or defective work. This includes, without limitation, failure to finish punch-list items and achieve final completion.

13. Moreover, between July and August 2018, certain subcontractors or suppliers filed mechanic's liens totaling in excess of $900,000 against the Property or Project.

14. Pursuant to the EPC Agreement, ETCap gave Contractor notice of Contractor's default on October 23, 2018. After receiving no response from Contractor within the requisite time period, ETCap sent Contractor a notice of uncured default and demand to indemnify on November 13, 2018.

15. ETCap has fully complied with the notice-and-cure provisions of the EPC Agreement, demanding that Contractor cure its defaults and otherwise fulfill its obligations. Nevertheless, Contractor has refused to do so.

16. In addition, one of lien claimants commenced a lawsuit in Goodhue County, Minnesota to, among other things, foreclose on a mechanic's lien on the Project or Property. This prompted other lien claimants to foreclose on their liens, too. ETCap

was a named party in the lawsuit and therefore has incurred, and will continue to incur, attorney's fees and costs to defend and prosecute its interests, and satisfy its obligations to the Property's fee owners under the lease. Further, ETCap may incur lender's charges or penalties as a result of the mechanic's liens that have been filed against the Project or Property.

17. Contractor defaulted on its obligations under the EPC Agreement by, among other things:

- Allowing mechanic's liens to be filed against the Property and failing to pay the amounts giving rise to such liens, bond against such liens, or discharge such liens within thirty (30) days after such liens were filed;

- Failing to cure its default within the requisite twenty (20) days after receiving notice from ETCap;

- Failing to indemnify ETCap for all ETCap's costs, expenses, and attorney's fees that have arisen out of Contractor's breaches, or losses that ETCap suffered as a result of claims for payment for work performed or materials supplied on the Project, including but not limited to lien claims and lender or finance penalties or charges; and

- Failing to timely and properly complete work required on the Project, including but not limited to completing, correcting, or fully performing work under the EPC Agreement, finishing punch-list items, and achieving final completion.

18. Contractor has no justification or excuse for its defaults, failing to cure its defaults, or otherwise failing to perform its obligations under the EPC Agreement.

19. Under Section 3 of the Guaranty, Defendant

irrevocably and unconditionally guarantee[d] to [ETCap] the timely payment of all amounts due and payable or to become due and payable by [Contractor] and performance of all obligations of [Contractor] to [ETCap] under the [EPC Agreement] at the times and in the manner provided therein (the "Obligations"). [Defendant] shall pay or commence performance (or cause the commencement of performance) of the Obligations within five (5) Business Days after [Defendant's] receipt of written notice from [ETCap] stating that [Contractor] has defaulted (beyond applicable grace and cure periods set forth in the [EPC

4

Agreement])) in the performance or payment of the Obligations and demanding performance or payment thereof by [Defendant].

20. On November 19, 2018, ETCap provided Defendant with written notice of Contractor's defaults and demanded that Defendant fulfill its obligations to correct Contractor's deficient performance in accordance with the Guaranty. Nevertheless, Defendant has failed to do so.

## COUNT I
## BREACH OF CONTRACT

21. ETCap repeats and realleges the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. ETCap and Defendant entered into the Guaranty and assented to, and agreed to be bound by, its terms and conditions.

23. ETCap adequately performed its obligations under the Guaranty and the EPC Agreement.

24. Defendant breached the provisions of the Guaranty—including, but not limited to, the terms and conditions contained in Section 3—by failing to pay or perform Contractor's obligations under the EPC Agreement on which Contractor has defaulted. Those obligations include, but are not limited to:

- Allowing mechanic's liens to be filed against the Property and failing to pay the amounts giving rise to such liens, bond against such liens, or discharge such liens;

- Failing to indemnify ETCap for all ETCap's costs, expenses, and attorney's fees that have arisen out of Contractor's and Defendant's breaches, and losses that ETCap suffered as a result of claims for payment for work performed or materials supplied on the Project, including but not limited to lien claims and lender or finance charges; and

- Failing to timely and properly complete work required on the Project, including but not limited to completing, correcting, or fully performing work, finishing punch-list items, and achieving final completion.

25. Defendant has no justification or excuse for its breaches of contract.

26. ETCap has been harmed by Defendant's breaches of contract.

27. ETCap is entitled to recover damages caused by Defendant's failure and refusal to perform its obligations under the Guaranty in an amount to be proven at trial, but in excess of $75,000, together with interest, attorney's fees, lender's charges or penalties, costs, and disbursements.

## REQUEST FOR RELIEF

WHEREFORE, ETCap respectfully requests the following relief:

1. For judgment in favor of ETCap and against Defendant in an amount to be proven at trial, but in excess of $75,000;

2. For an award of attorney's fees, lender's charges or penalties, costs, disbursements, and pre- and post-judgment interest; and

3. For such other and further relief as the Court deems just and equitable.

Dated: May 10, 2019
New York, New York

Respectfully submitted,

STINSON, LLP

By: */s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC4935)
1325 Avenue of the Americas
27th Floor
New York, New York 10019
(212) 763.8491 (t)
(212) 763.8304 (f)
kieran.corcoran@stinson.com

***Attorneys for Plaintiff***
***ETCap NES CS MN 02 LLC***

CORE/3514603.0002/150251251.3